

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMIR TALEBI,

                     Petitioner,

    v.

TODD M. LYONS, *et al.*,

                 Respondents.

Case No. 26-cv-02642-BAS-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

In February 2026, Petitioner Samir Talebi filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from custody. (Case No. 26-cv-0165-BAS-JLB.)  At that time, the Department of Homeland Security ("DHS") had obtained a travel document for Petitioner to be removed to Iran, but the date had to be rescheduled because Petitioner had a medical emergency. (*Id.* at ECF No. 13.)  Thus, on February 19, 2026, the Court denied the Petition but invited Petitioner to refile the Petition if he remained detained without removal. (*Id.*)

Petitioner has now filed a second habeas Petition pursuant to 28 U.S.C. § 2241, again requesting immediate release from immigration custody. (ECF No. 1.)  Since the original Petition, relations between the United States and Iran have soured, and Petitioner argues there is no likelihood that he will be removed to Iran in the reasonably foreseeable future.

- 1 -

26cv2642

(*Id.*)  The Government does not oppose the request.  (ECF No. 6.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released from immigration custody subject to supervision under the standard conditions authorized by 8 U.S.C. § 1231(a)(3).

## I.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.  ANALYSIS

On November 5, 2025, an Immigration Judge issued a final order of removal, ordering that Petitioner be removed to Iran.  (ECF No. 1.)  At this point, he has been held beyond the presumptively reasonable six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Because the relationship between the United States and Iran has soured, Petitioner argues there is no significant likelihood that Petitioner will be removed from the United States to Iran in the reasonably foreseeable future. (*Id.*)

The Government agrees that it is "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas.*  (ECF No. 6.)  Hence the Government acknowledges that Petitioner "is entitled to be released from custody subject to conditions of supervision."  (*Id.*)  Hence, the Court **GRANTS** the Petition.

//

//

//

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Samir Talebi be released from immigration custody forthwith subject to supervision under the standard conditions authorized by 8 U.S.C. § 1231(a)(3).  In addition, DHS is ordered not to re-detain Petitioner unless it obtains travel documents for Petitioner to be removed.  Finally, DHS is ordered not to remove Petitioner to a third country without notice and a reasonable opportunity for Petitioner to be heard regarding that third country.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2642